NOV 25 2026 AM10:10
FILED - USDC - FLMD - JAX

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERIC JOSEY,

Plaintiff, Case No. 3:26-cv-00199-WWB-LLL

v.

COMMISSIONER OF INTERNAL REVENUE, in his official capacity; INTERNAL REVENUE SERVICE; and UNITED STATES OF AMERICA,

Defendants.
______________________________________________/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff opposes the Federal Defendants' Motion to Dismiss (Doc. 23). The Amended Complaint (Doc. 20) remedies the pleading defects identified in the Court's October 14, 2026, Order (Doc. 19). Plaintiff seeks denial of the motion or, alternatively, leave to amend any remaining curable deficiency. Plaintiff does not seek adjudication of future tax liability or immunity from lawful examination, assessment, or collection.

## I. INTRODUCTION

The controversy arises from recurring IRS treatment of disability benefits attributable to Plaintiff's September 11, 2001, rescue and recovery emergency police service during his employment with the New York City Police Department. Defendants expressly acknowledge that the IRS conceded the 2022 Tax Court proceeding because Plaintiff qualified for the exclusion under 26 U.S.C. § 104(a)(5). Doc. 23 at 4–5. Defendants also identify an Internal Revenue Manual instruction directing personnel not to pursue qualifying Social Security amounts upon receipt of substantiation. Id. at 2.

Yet, Plaintiff alleges repeated consecutive notices, prior submission of supporting materials, actual payment obligations, and subsequent favorable resolutions. Doc. 20 ¶¶ 26–42, 56.

Plaintiff recognizes the limitations imposed by the Anti-Injunction Act ("AIA"), the Declaratory Judgment Act ("DJA"), and 5 U.S.C. § 704. The question is whether any independently reviewable administrative action remains and whether relief directed solely to consideration of submitted evidence, without restraining lawful tax procedures, is available. The Court need not decide any future year's tax liability to resolve that question.

## II. STATEMENT OF PLEADED FACTS

The following facts are drawn from the Amended Complaint and its exhibits and are accepted as true for purposes of the motion. Following the September 11, 2001, terrorist attacks, Plaintiff, then a New York City Police Department SWAT operator, participated in the rescue and recovery operations at the World Trade Center site and developed illnesses medically certified as causally linked to that work. Doc. 20 ¶¶ 15–17. The Social Security Administration (SSA) awarded him Social Security Disability Insurance (SSDI) benefits based on those injuries beginning in or about June 2008, and those benefits continue. Id. ¶ 18. Section 104(a)(5) excludes from gross income disability income attributable to injuries incurred as a direct result of terroristic activity directed against the United States. Id. ¶¶ 19–21. SSA reports Plaintiff's benefits on Form SSA-1099, which does not distinguish excludable benefits. Id. ¶ 23. SSA has stated that the IRS should exempt those benefits and that SSA cannot code its system to prevent the reporting. Id. ¶ 24.

The IRS issued notices tied to Plaintiff's SSDI income for each of tax years 2018 through 2022. For 2018, it issued a CP2000 dated August 31, 2020, and a Notice of Deficiency dated November 23, 2020, asserting $13,312 in tax and a $1,942 penalty. For 2019, it issued a CP21A dated August 30, 2021, stating a balance of $8,491.53. For 2020, it issued a CP49 dated September 5, 2022, applying Plaintiff's overpayment to a 2018 balance. For 2021, it issued a CP2000 dated May 15, 2023, proposing $8,306. For 2022, it issued a CP2000 dated July 15, 2024, proposing $9,011. Id. ¶¶ 26–30. Plaintiff paid $420 per month for more than a year under an installment agreement. Id. ¶ 56.

On May 4, 2023, Plaintiff, through his CPA, submitted amended returns for tax years 2018 through 2022 with documentation of the § 104(a)(5) exclusion. Id. ¶ 30. The IRS reviewed the claim, refunded Plaintiff's 2018 and 2019 installment payments, and corrected its records to show zero balances for all five years. Id. Further notices followed. After that submission, the IRS issued the 2021 CP2000 on May 15, 2023; a CP218 for tax year 2018 on June 12, 2023, proposing $8,710.79 in additional tax; the 2022 CP2000 on July 15, 2024; and, on May 12, 2025, a statutory Notice of Deficiency for tax year 2022 asserting an accuracy-related penalty on the same ground. Id. ¶¶ 26, 29–30; Doc. 20-1 at 12–14. None of these notices acknowledged or explained a departure from the IRS's prior determinations. Doc. 20 ¶ 37.

Plaintiff petitioned the Tax Court. Id. ¶ 30. On June 30, 2025, the IRS issued a CP2005 stating that the information Plaintiff provided "resolved the tax issue in question." Id. ¶ 34. The Commissioner then moved for a decision of no deficiency and no penalty. Id. ¶ 31. Plaintiff objected that the decision would not resolve the recurring

notices and asked that the exclusion be applied prospectively. Id. ¶ 32. The Tax Court held that it lacked authority in a deficiency case to grant that relief and, on January 26, 2026, entered a decision of no deficiency and no penalty for tax year 2022. Id. ¶ 33; Doc. 20-1 at 2–3. The source of Plaintiff's benefits, their medical basis, and the governing statute have not changed. Doc. 20 ¶ 36.

## III. THE AMENDED COMPLAINT REMEDIES THE SHOTGUN PLEADING IDENTIFIED IN DOC. 19

The Court found the original complaint to be a shotgun pleading because each successive claim realleged and incorporated all preceding paragraphs. Doc. 19 at 5–6. It directed Plaintiff to separate each cause of action into its own count, describe the factual basis for each claim, separately and clearly describe Defendants' participation, avoid vague and conclusory statements, and incorporate only the factual allegations relevant to each claim. Id. at 7–8. The Amended Complaint, timely filed on October 21, 2026, follows each directive. It contains three separate counts, numbered factual allegations, limited incorporations, and a separate prayer for relief.

Count I identifies the statutory exclusion and challenged agency action and alleges the respective defendants' roles. Doc. 20 ¶¶ 43–47. Count II identifies the asserted failure to consider relevant documentation and the defendants' roles. Id. ¶¶ 48–53. Count III identifies the asserted property interest, procedural injury, alleged safeguards, and respective roles. Id. ¶¶ 54–60. None incorporates the preceding counts. Paragraphs 4–6 identify the Commissioner, the IRS, and the United States and explain their respective capacities. Consistent with the Court's observation that declaratory relief is not a standalone cause of action, Doc. 19 at 2 n.2, declaratory and injunctive relief are no longer pleaded as independent counts.

Under *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015), the unifying question is whether the pleading gives Defendants adequate notice of the claims against them and the grounds on which each claim rests. Limited incorporation of relevant facts is not the cumulative pleading condemned in *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996). Defendants assert that each count "re-alleges his prior allegations." Doc. 23 at 16. The cited paragraphs do the opposite. Paragraph 43 incorporates "only paragraphs 15–25, 29–34, and 36–38"; paragraph 48 incorporates "only paragraphs 22–25, 29–34, and 36–38"; and paragraph 54 incorporates enumerated paragraphs "only." Defendants also direct their shotgun argument to "Doc. 25," which is not the Amended Complaint. Doc. 23 at 17. Their motion then addresses each count on its merits, Doc. 23 at 17–24, which confirms that they can identify the claims and frame a response.

Defendants also contend that the counts are "legal conclusions masquerading as facts." Doc. 23 at 17 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). Each count rests on specific, dated factual allegations: the notices for tax years 2018 through 2022 and their amounts, Doc. 20 ¶¶ 26–30; Plaintiff's May 4, 2023, submission and the IRS's resulting refunds and zero-balance correction, id. ¶ 30; the May 12, 2025, Notice of Deficiency, id.; Doc. 20-1 at 12–14; the IRS's concession and the Tax Court's decision, Doc. 20 ¶¶ 31–33; and the June 30, 2025, closing notice, id. ¶ 34. These are facts, not conclusions, and each is tied to the counts that incorporate it. Dismissal on shotgun-pleading grounds is unwarranted.

## IV. THE COURT SHOULD DISTINGUISH PLEADED FACTS FROM DEFENDANTS' INFERENCES

On a facial jurisdictional challenge, the Court accepts well-pleaded factual allegations as true. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). Rule 12(b)(6) likewise requires acceptance of plausible factual allegations, not legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Defendants assert that Plaintiff "appears to have failed to avail himself" of the AUR response procedures. Doc. 23 at 18. The Amended Complaint alleges the opposite.

The IRS "received and reviewed Plaintiff's responses" and "abated or withdrew each proposed deficiency." Doc. 20 ¶ 5. On May 4, 2023, through his CPA, Plaintiff submitted amended returns for tax years 2018 through 2022 with documentation of the § 104(a)(5) exclusion, and the IRS reviewed the claim, issued refunds, and corrected its records to zero balances. Id. ¶ 30. Defendants' own motion concedes that the IRS issued no-change letters "after Plaintiff has disputed" the notices. Doc. 23 at 12. Even so, the IRS issued a CP2000 for tax year 2022 on July 15, 2024, and a statutory Notice of Deficiency for that same year on May 12, 2025. Doc. 20 ¶ 30; Doc. 20-1 at 12–14. Taken as true, the IRS proposed, and then formally determined, a deficiency on the same income, for the same year, that it had already reviewed and corrected following Plaintiff's May 4, 2023, submission.

Defendants' motion attaches no declaration or record evidence, so their jurisdictional challenge is facial and the Amended Complaint's allegations control. *Kennedy*, 998 F.3d at 1230. Defendants' descriptions of Internal Revenue Manual procedures, telephone and chat options, and Publication 3920 (Doc. 23 at 1–4, 21, 24)

are not pleaded facts, and they cannot establish that those procedures worked as described in Plaintiff's case. Plaintiff does not claim that the Internal Revenue Manual creates an enforceable private right, and he does not contend that a prior submission satisfies every substantiation requirement for another year.

## V. THE ANTI-INJUNCTION ACT MUST BE APPLIED TO THE ACTUAL RELIEF SOUGHT

Under 26 U.S.C. § 7421(a), the purpose and practical effect of the requested relief control. *CIC Services, LLC v. IRS*, 593 U.S. 209, 217–22 (2021). Plaintiff acknowledges that CIC Services involved an independent reporting obligation and does not authorize ordinary pre-enforcement challenges to tax liability. Nevertheless, the Court should examine the actual scope of the requested remedy. A suit directed at an information-reporting step is not one to restrain "assessment or collection," even if the information later aids collection. *Direct Marketing Ass'n v. Brohl*, 575 U.S. 1, 9–10 (2015). The alternative relief in Prayer ¶ C operates at that antecedent stage and expressly leaves assessment and collection untouched.

Defendants contend that Plaintiff seeks to prevent notices and future taxation when he reaches retirement age. Doc. 23 at 10–11, 24. Paragraph C of the prayer expressly preserves lawful examination, requests for substantiation, notices, assessment and collection. To remove any doubt, Plaintiff withdraws any request under Prayer ¶¶ A and B that would declare his tax liability for any year or restrain assessment or collection, and he presses the alternative relief in Prayer ¶ C. Plaintiff accepts that eligibility may change when benefits cease to be attributable to qualifying disability. The amended complaint alleges ongoing disability benefits and unchanged qualifying circumstances, not a perpetual exemption regardless of future facts. Doc. 20 ¶¶ 18, 36.

*Rocky Branch Timberlands LLC v. United States*, No. 22-12646, 2023 WL 5746600 (11th Cir. Sept. 6, 2023) (unpublished), is not to the contrary. There, the relief sought would have undone a pending tax determination. Here, no tax determination is pending, Plaintiff seeks no order invalidating any determination, and the relief in Prayer ¶ C leaves the IRS free to examine, issue notices, assess, and collect.

## VI. THE JUDICIALLY RECOGNIZED EXCEPTIONS WARRANT SEPARATE CONSIDERATION

In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court recognized a narrow exception requiring both that the Government could not ultimately prevail and that equitable jurisdiction otherwise exists. *Christian Coalition of Florida, Inc. v. United States*, 662 F.3d 1182, 1194 (11th Cir. 2011), requires satisfaction of both elements.

Defendants acknowledge that Plaintiff may establish the first element concerning the excluded benefits. Doc. 23 at 11. Their express acknowledgment of eligibility for 2022 and the Tax Court's no-deficiency decision support that contention for qualifying SSDI income. Plaintiff does not extend that acknowledgment to unrelated income adjustments or unknown future circumstances.

As to equity, Plaintiff alleges more than receipt of correspondence: monthly installment payments of $420 for more than one year, offsets of his overpayments, and repeated compelled disclosure of confidential medical information to resolve a question the IRS had already resolved in his favor. Doc. 20 ¶¶ 26, 28, 42, 56. Defendants' answer, that Plaintiff may respond to each notice or return to the Tax Court, Doc. 23 at 11–12, is a remedy for one tax year at a time. The Tax Court has already held that it cannot reach the recurring problem. Doc. 20-1 at 2.

In *South Carolina v. Regan*, 465 U.S. 367, 381 (1984), the Court held that the AIA does not apply where Congress has provided the aggrieved party no alternative avenue to litigate its claim. The deficiency procedure permits Plaintiff to contest each year's tax, but no statutory avenue reaches the agency's repeated disregard of documentation it has already accepted, and the Tax Court has confirmed that it lacks authority to address it. Doc. 20-1 at 2.

**VII. FINALITY, MOOTNESS AND THE SCOPE OF THE APA CLAIM**

*Under Bennett v. Spear*, 520 U.S. 154, 177–78 (1997), final agency action must consummate the agency's decision-making and determine rights or obligations or produce legal consequences. The May 12, 2025, CP3219A (Doc. 20-1 at 12–14), formally determined a proposed deficiency and triggered the statutory time for a Tax Court petition under 26 U.S.C. § 6213(a). Plaintiff submits that the notice had legal consequences when issued, notwithstanding the prohibition on immediate assessment during the petition period.

The Tax Court's decision resolved the 2022 deficiency and penalty, and Plaintiff does not ask this Court to disturb it. The notices for tax years 2018 through 2021 are pleaded as evidence of recurrence and of the agency's knowledge, not as separate final agency actions.

Defendants cite *Daines v. Internal Revenue Service*, 2025 WL 2694788 (E.D. Wis. Sept. 22, 2025), for the proposition that a vague collection of conduct is not an APA rule. Plaintiff does not challenge an abstract program. He challenges the IRS's issuance of a statutory Notice of Deficiency for tax year 2022 after the agency had

reviewed his documentation and corrected that same year to a zero balance. Doc. 20 ¶¶ 30, 44.

The controversy is also capable of repetition yet evading review. The exception applies where the challenged action is too short in duration to be fully litigated before it ceases and there is a reasonable expectation that the same party will be subjected to it again. *FEC v. Wisconsin Right to Life*, Inc., 551 U.S. 449, 462 (2007). Both elements are pleaded. Each dispute ended by abatement, withdrawal, or concession before any court reached the merits, and after the 2022 concession the Tax Court held that it could not address the recurrence. Doc. 20 ¶¶ 5, 30–34; Doc. 20-1 at 2. Notices tied to the same SSDI income issued for each of tax years 2018 through 2022. Doc. 20 ¶¶ 26–30. Defendants concede that Form SSA-1099 cannot designate the benefits as nontaxable and that, as a result, the AUR program "systemically identifies mismatches." Doc. 23 at 10.

**VIII. TAX COURT REVIEW AND ADEQUACY OF THE REMEDY**

Section 704 requires that there be no other adequate remedy in a court. *Bowen v. Massachusetts, 487 U.S. 879, 901–08 (1988)*, explains that the APA does not duplicate special and adequate statutory review procedures, but adequacy must be assessed with attention to the relief and statutory scheme. Defendants rely on *Garcia v. Vilsack*, 563 F.3d 519, 522–23 (D.C. Cir. 2009), for the proposition that alternative relief need not be identical. Plaintiff accepts that principle.

Here, Plaintiff actually invoked Tax Court jurisdiction and prevailed. The Tax Court expressly explained that it lacked authority in that deficiency case to grant Plaintiff's

requested prospective relief. Doc. 20-1 at 2–3. That is a documented limitation, not a hypothetical concern.

*Mathes v. United States, 901 F.2d 1031, 1033 (11th Cir. 1990), held that equitable jurisdiction was lacking where the taxpayer failed to use the Tax Court's pre-assessment remedy. Plaintiff did the opposite: he petitioned the Tax Court and prevailed, and that court held that it could not reach the recurring problem. Doc. 20-1 at 2. Plaintiff does not dispute any tax: Defendants acknowledge that he qualifies for the exclusion. Doc. 23 at 4–5, 11. A remedy that requires a taxpayer to re-prove an acknowledged exclusion every year, and that by the Tax Court's own ruling cannot reach the recurring error, is not a remedy "of the same genre." Doc. 23 at 15 (quoting Garcia, 563 F.3d at 522).*

**IX. AGENCY DISCRETION DOES NOT AUTHORIZE CONTRAVENTION OF THE STATUTE**

Defendants rely on 26 U.S.C. §§ 7602 and 7803 and *Heckler v. Chaney*, 470 U.S. 821, 831–33 (1985). Plaintiff recognizes the IRS's broad authority to examine returns, evaluate evidence and allocate resources. *Heckler* principally addresses discretionary non-enforcement decisions. An agency's refusal to act generally involves no exercise of coercive power over a person's liberty or property, which is why such refusals are presumptively unreviewable. *Heckler*, 470 U.S. at 832. Here the IRS acted: it issued a statutory Notice of Deficiency asserting tax on Plaintiff's benefits. Doc. 20-1 at 12–14. The statutory exclusion itself, however, supplies a legal standard for determining the tax treatment of qualifying disability income. Courts independently interpret statutes. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024).

Defendants' own description of *IRM* 4.19.3.8.17.1(12), confirms that exclusion documentation is material to the AUR inquiry. Doc. 23 at 2. The Manual is cited as evidence of the agency's procedures and the relevance of such documentation, not as a substantive regulation creating a private cause of action. Plaintiff does not seek to dictate software design or compel a permanent exclusion notation. Nor does Plaintiff assert a claim under § 706(1) absent identification of a discrete legally required action. The Court should distinguish discretionary examination methods from the statutory tax treatment of established qualifying benefits.

### X. COUNTS I AND II SATISFY FAIR NOTICE AND ALLEGE A SUBSTANTIVE DISPUTE

Count I alleges treatment of qualifying disability income contrary to § 104(a)(5). Count II alleges repeated failure to consider relevant evidence. Doc. 20 ¶¶ 43–53. Under *Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43 (1983), failure to consider an important aspect of a matter or a decision inconsistent with the evidence may be arbitrary and capricious.

Defendants acknowledge Plaintiff's qualification for the exclusion in 2022 and the IRS's favorable resolutions for other years. Doc. 23 at 4–5, 12 n.5. Plaintiff's allegation that documentation was submitted and subsequently disregarded should not be resolved solely on an inference that he failed to respond. Doc. 20 ¶¶ 30, 37–38, 50.

An agency that departs from a prior position must at least display awareness that it is changing position and offer a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); see Doc. 20 ¶ 49. After reviewing Plaintiff's documentation and correcting tax year 2022 to a zero-balance following Plaintiff's May 4, 2023, submission," the IRS issued a Notice of Deficiency for that same year treating

the same income as taxable, without acknowledging or explaining its prior determination. Doc. 20 ¶¶ 30, 37. Defendants' argument that each tax year stands on its own, Doc. 23 at 18–19, does not answer this allegation, because the departure occurred within a single tax year.

*Batchelor-Robjohns v. United States*, 788 F.3d 1280, 1288 (11th Cir. 2015), recognizes the separate character of tax years. Plaintiff does not invoke res judicata to predetermine future liabilities. Prior determinations are relevant evidence of agency knowledge and continuity of circumstances; they are not conclusive as to a later return. His narrower contention concerns the alleged disregard of submitted material evidence in an identifiable reviewable determination.

## XI. PROCEDURAL DUE PROCESS AND EQUITABLE RELIEF

Count III alleges historical financial deprivation and a risk of recurring deprivation. Doc. 20 ¶¶ 40–42, 54–60. The asserted installment payments and offsets distinguish actual historical loss from a proposed adjustment alone. Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the inquiry weighs the private interest, risk of error and value of safeguards, and governmental burdens.

Plaintiff contends that considering documentation already submitted during review of a discrepancy would reduce erroneous determinations at minimal cost, because the IRS has already made the determination it would be asked to consider. Doc. 20 ¶ 57. Pre-assessment Tax Court review did not prevent the deprivations alleged here: installment payments and offsets of Plaintiff's overpayments were collected on balances the IRS later reversed. Id. ¶¶ 26, 28, 30, 56. If the Court concludes that the alleged

procedures were constitutionally adequate, Plaintiff requests that the Court consider the remaining counts separately.

Defendants invoke the preliminary-injunction standard of *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiff has not moved for a preliminary injunction, and that standard does not govern a motion to dismiss. The scope of any final relief is properly determined after jurisdiction and liability are established.

**XII. THE DECLARATORY JUDGMENT ACT AND ALTERNATIVE RELIEF**

Plaintiff acknowledges the federal-tax exception in 28 U.S.C. § 2201(a). The APA's waiver of sovereign immunity does not override statutory restrictions on relief. 5 U.S.C. § 702. Plaintiff does not pursue a declaration determining future taxability or otherwise falling within that exception. If declaratory relief is unavailable, Plaintiff requests consideration of any independently authorized, narrowly tailored relief not prohibited by the AIA or the APA.

**XIII. ALTERNATIVELY, LEAVE TO AMEND AND LIMITED FACTUAL DEVELOPMENT**

Defendants contend further amendment would be futile. Doc. 23 at 24–25. The Court found the original complaint structurally deficient and expressly made no determination on Defendants' jurisdictional arguments. Doc. 19 at 8. Plaintiff has corrected that structure. Under Fed. R. Civ. P. 15(a)(2), leave should be freely given when justice so requires, subject to futility and other recognized limitations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Should the Court find any deficiency curable, Plaintiff will promptly move under Rule 15(a)(2) for leave to file a second amended complaint, with the proposed pleading

attached, alleging the dates and contents of his AUR responses, the resulting assessments and offsets, and the current status of his benefits and returns.

If the Court treats Defendants' challenge as factual rather than facial, Plaintiff should be permitted to develop the jurisdictional facts before dismissal. *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729–31 (11th Cir. 1982). Plaintiff's earlier discovery motion was denied as moot, not on its merits. Doc. 19 at 8.

## XIV. CONCLUSION

Plaintiff respectfully requests that the Court deny dismissal of the amended complaint, particularly on shotgun-pleading grounds, and evaluate the remaining claims in light of the narrowed relief described above. Alternatively, Plaintiff requests leave to amend any curable deficiency. If the Court concludes that subject-matter jurisdiction is absent, Plaintiff requests dismissal without prejudice rather than an adjudication on the merits. See *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

November 25, 2026

Respectfully submitted,

/s/ Eric Josey

X________________________

Eric Josey, Plaintiff pro se
250 Palm Coast Pkwy NE
Suite 607, PMB 173
Palm Coast, FL 32137
Phone: (917) 882-1330
Email: Premier.Consulting173@aol.com

## A.I. CERTIFICATION

Plaintiff certifies that generative artificial intelligence was used in researching this response; that all AI-drafted language was personally reviewed by Plaintiff for accuracy; and that every citation references actual, non-fictitious authority and accurately reflects its contents.

/s/ Eric Josey

x____________________________

Eric Josey, Plaintiff q we

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2026, I filed the foregoing document with the Clerk of the Court by overnight FedEx Service, and served a true copy of this document by electronic mail to the below referenced CM/ECF participant, MAI TRAN, Assistant United States Attorney, who receives and agrees to emailed ECF notices:

GREGORY W. KEHOE
United States Attorney

MAI TRAN
Assistant United States Attorney
Florida Bar No: 100982
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Telephone No. (904) 301-6358/6300
Facsimile No. (904) 301-6240
Email: Mai.Tran2@usdoj.gov
Attorneys for Defendant

/s/ Eric Josey

x____________________________

Eric Josey, Plaintiff